# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
## FRESNO DIVISION

| | |
|---|---|
| MYRON HOWARD,<br>CDCR #F-81131,<br><br>                    Plaintiff,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>                    Defendants. | Civil No.   08-1083 MLH (WMc)<br><br>**ORDER:**<br><br>**(1) SUA SPONTE DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915A(b); AND**<br><br>**(2) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br>**[Doc. No. 14]** |

## I.

### PROCEDURAL HISTORY

On July 28, 2008, Plaintiff, an inmate currently incarcerated at the California Substance Abuse Treatment Facility located in Corcoran, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee

mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]. The Court granted Plaintiff's Motion to Proceed *IFP* on August 4, 2008 [Doc. No. 4].

On November 25, 2008, this matter was reassigned to District Judge Marilyn L. Huff for all further proceedings [Doc. No. 9]. Plaintiff later filed a "Motion for Amendment to Health Care Service" and a "Motion to Press Evidence of Proof of Glaucoma" [Doc. Nos. 10, 11]. The Court sua sponte dismissed Plaintiff's Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). *See* Jan. 28, 2009 Order at 6. However, Plaintiff was granted leave to file a First Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* In addition, Plaintiff was cautioned that any Defendants not named and claims not re-alleged would be deemed waived. *Id.* (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

Plaintiff filed his First Amended Complaint ("FAC") on February 19, 2009. In his FAC, Plaintiff no longer names as Defendants Arnold Schwarzenegger, Ken Clark, or Kings County in this matter. *See* FAC at 1-3. Accordingly, these Defendants are **DISMISSED** from this action. *See King*, 814 F.2d at 567.

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court stated in its previous Order, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(3). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

**A.     Section 1983 Standard**

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

**B.     Eighth Amendment claim**

As Plaintiff did in his original Complaint, he claims he was diagnosed with glaucoma on October 4, 2007. *See* FAC at 3. He further alleges that the "CDC system has been denying and refusing medical attention from prison employees." *Id.* To support his claims, Plaintiff appears to attach a variety of medical records to his First Amended Complaint.

1  The Court informed Plaintiff in its previous Order that in order to assert a claim under the
2  Eighth Amendment for inadequate medical care, Plaintiff must show that each individual prison
3  doctor and medical staff member that he seeks to sue were "deliberately indifferent to his serious
4  medical needs." *See* Jan. 28, 2009 Order at 3-4 (citing *Helling v. McKinney*, 509 U.S. 25, 32
5  (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Lopez v. Dep't of Health Services*, 939 F.2d
6  881, 883 (9th Cir. 1991) (per curiam) (holding that private physicians who contract with prisons
7  to provide specialized medical services to indigent prisoners act under color of state law)).

8  In order to show deliberate indifference, an inmate must allege sufficient facts to indicate
9  (1) that his medical need is "serious" and (2) that prison officials acted or failed to act in light
10 of that need with a "culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 302 (1991).  While
11 Plaintiff's allegations may be sufficient to allege a serious medical need, he alleges absolutely
12 no facts from which the Court could find that he has stated a claim of deliberate indifference as
13 to any Defendant.  Plaintiff lists a variety of Defendants on the first and second pages of his First
14 Amended Complaint but there are no specific allegations as to what, if anything, any of the
15 named Defendants did or failed to do.  In addition, a review of Plaintiff's exhibits, many of
16 which are unreadable, appears to demonstrate that he has been receiving medical examinations
17 as well as medications to treat his glaucoma.

18 The indifference to medical needs rising to an Eighth Amendment claim must be
19 substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount
20 to a constitutional violation.  *Estelle*, 429 U.S. at 106; *Wood v. Housewright*, 900 F.2d 1332,
21 1334 (9th Cir. 1990).  Here, as Plaintiff was informed in the previous Order, Plaintiff does not
22 identify, with any specificity, how each individual Defendant was deliberately indifferent to his
23 serious medical need.  *See* Jan. 28, 2009 Order at 4.  In addition, based on the documentation
24 provided by Plaintiff it appears that Plaintiff's claims against the named Defendants may amount
25 to no more than a difference of opinion between medical professionals and their patient, and as
26 such, is insufficient to show the "deliberate indifference" required to support a claim of cruel and
27 unusual punishment under the Eighth Amendment.  *See Jackson v. McIntosh*, 90 F.3d 330, 332
28 (9th Cir. 1996) (finding difference of opinion between a physician and prisoner concerning the

appropriate course of treatment does not amount to deliberate indifference); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Accordingly, the Court finds that Plaintiff's First Amended Complaint fails to state a section 1983 claim upon which relief may be granted, and is therefore subject to dismissal pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). The Court will provide Plaintiff with one final opportunity to amend his pleading to cure the defects set forth above.

## III.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

(1) Defendants Arnold Schwarzenegger, Ken Clark, or Kings County are **DISMISSED** from this action. *See King*, 814 F.2d at 567.

(2) Plaintiff's First Amended Complaint [Doc. No. 13] is **DISMISSED** without prejudice for failing to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b).

(3) Plaintiff's Motion for Leave to File an Amended Complaint [Doc. No. 14] is **GRANTED**. Plaintiff is granted forty five (45) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King*, 814 F.2d at 567.

Further, if Plaintiff's Amended Complaint still fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

DATED: February 26, 2009

_____
**HON. MARILYN L. HUFF**
**United States District Judge**