# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| MYRON HOWARD,<br>CDCR #F-81131,<br><br>                           Plaintiff,<br>vs.<br>ARNOLD SCHWARZENEGGER, et al.,<br>                           Defendants. | Civil No. 08-1083 MLH (WMc)<br><br>**ORDER SUA SPONTE DISMISSING SECOND AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO**<br>**28 U.S.C. §§ 1915(e)(2) and 1915A(b)** |

## I.

### PROCEDURAL HISTORY

On July 28, 2008, Plaintiff, an inmate currently incarcerated at the California Substance Abuse Treatment Facility located in Corcoran, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]. The Court granted Plaintiff's Motion to Proceed *IFP* on August 4, 2008 [Doc. No. 4].

///

On November 25, 2008, this matter was reassigned to District Judge Marilyn L. Huff for all further proceedings [Doc. No. 9]. Plaintiff later filed a "Motion for Amendment to Health Care Service" and a "Motion to Press Evidence of Proof of Glaucoma" [Doc. Nos. 10, 11]. The Court sua sponte dismissed Plaintiff's Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). *See* Jan. 28, 2009 Order at 6. However, Plaintiff was granted leave to file a First Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* In addition, Plaintiff was cautioned that any Defendants not named and claims not re-alleged would be deemed waived. *Id.* (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

Plaintiff filed his First Amended Complaint ("FAC") on February 19, 2009. In his FAC, Plaintiff no longer named as Defendants Arnold Schwarzenegger, Ken Clark, or Kings County in this matter. *See* FAC at 1-3. Accordingly, those Defendants were dismissed from this action. *See King*, 814 F.2d at 567. Once again, the Court sua sponte screened Plaintiff's First Amended Complaint and found that it suffered from the same deficiencies of pleading previously identified by the Court. Thus, Plaintiff's First Amended Complaint was dismissed for failing to state a claim upon which relief could be granted. *See* Feb. 26, 2009 Order at 5. Plaintiff was given one final opportunity to correct the deficiencies of pleading found in his First Amended Complaint. *Id.* On April 1, 2009, Plaintiff filed his Second Amended Complaint ("SAC").

## II.

### SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court stated in its previous Orders, the Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§

1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(3). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). In addition, the Court's duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 623 (9th Cir. 1988), is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

### A. Section 1983 Standard

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

/ / /

/ / /

/ / /

### B. Eighth Amendment claim

Plaintiff claims that Defendant Sofiniski, an Opthamologist, failed to give him the "proper eye examination" and he was "never given a field vision test to determine the damage" to his eyes. SAC at 3. He further alleges that by failing to properly examine him, Defendant Sofiniski was "negligent in her duties." *Id.* Plaintiff also seeks to hold Defendant Martinez liable for denying his administrative grievance and claims the denial "condoned the actions of Dr. Sofiniski." *Id.*

These claims, once again, do not rise to the level of an Eighth Amendment violation. In order to assert a claim under the Eighth Amendment for inadequate medical care, Plaintiff must show that each individual prison doctor and medical staff member that he seeks to sue were "deliberately indifferent to his serious medical needs." *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Lopez v. Dep't of Health Services*, 939 F.2d 881, 883 (9th Cir. 1991) (per curiam) (holding that private physicians who contract with prisons to provide specialized medical services to indigent prisoners act under color of state law).

In order to show deliberate indifference, an inmate must allege sufficient facts to indicate (1) that his medical need is "serious" and (2) that prison officials acted or failed to act in light of that need with a "culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 302 (1991). While Plaintiff's allegations may be sufficient to allege a serious medical need, he has failed to allege facts sufficient to demonstrate that any of the named Defendants were deliberately indifferent to that serious medical need.

The indifference to medical needs rising to an Eighth Amendment claim must be substantial; inadequate treatment due to malpractice, or even gross negligence, does not amount to a constitutional violation. *Estelle*, 429 U.S. at 106; *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). Here, Plaintiff's allegations are based in negligence not deliberate indifference. There are no facts from which the Court could find that Defendant Sofiniski by failing to provide the vision exam Plaintiff believed was appropriate, or Defendant Martinez in agreeing with the opinion of Defendant Sofiniski, were "deliberately indifferent" to Plaintiff alleged serious medical needs.

Accordingly, the Court must dismiss Plaintiff's Eighth Amendment claims for failing to state a claim upon which relief could be granted.

### III.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

Plaintiff's Second Amended Complaint [Doc. No. 15] is **DISMISSED** without prejudice for failing to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). Moreover, because the Court finds amendment of Plaintiff's § 1983 claims would be futile at this time, leave to amend is **DENIED.** *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile).

The Clerk shall close the file.

DATED: April 8, 2009

_____
**HON. MARILYN L. HUFF**
**United States District Judge**