# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA
# FRESNO DIVISION

| | |
|---|---|
| MYRON HOWARD, CDCR #F-81131,<br><br>Plaintiff,<br><br>vs.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>Defendants. | Civil No. 08-1083 MLH (WMc)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL AS MOOT**<br><br>**[Doc. No. 19]** |

**I.  PROCEDURAL HISTORY**

On July 28, 2008, Plaintiff, an inmate currently incarcerated at the California Substance Abuse Treatment Facility located in Corcoran, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff did not prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2]. The Court granted Plaintiff's Motion to Proceed *IFP* on August 4, 2008 [Doc. No. 4].

On November 25, 2008, this matter was reassigned to District Judge Marilyn L. Huff for all further proceedings [Doc. No. 9]. Plaintiff later filed a "Motion for Amendment to Health

Care Service" and a "Motion to Press Evidence of Proof of Glaucoma" [Doc. Nos. 10, 11]. The Court sua sponte dismissed Plaintiff's Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). *See* Jan. 28, 2009 Order at 6. However, Plaintiff was granted leave to file a First Amended Complaint in order to correct the deficiencies of pleading identified by the Court. *Id.* In addition, Plaintiff was cautioned that any Defendants not named and claims not re-alleged would be deemed waived. *Id.* (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

Plaintiff filed his First Amended Complaint ("FAC") on February 19, 2009. In his FAC, Plaintiff no longer named as Defendants Arnold Schwarzenegger, Ken Clark, or Kings County in this matter. *See* FAC at 1-3. Accordingly, those Defendants were dismissed from this action. *See King*, 814 F.2d at 567. Once again, the Court sua sponte screened Plaintiff's First Amended Complaint and found that it suffered from the same deficiencies of pleading previously identified by the Court. Thus, Plaintiff's First Amended Complaint was dismissed for failing to state a claim upon which relief could be granted. *See* Feb. 26, 2009 Order at 5. Plaintiff was given one final opportunity to correct the deficiencies of pleading found in his First Amended Complaint. *Id.* On April 1, 2009, Plaintiff filed his Second Amended Complaint ("SAC"). The Court sua sponte screened Plaintiff's Second Amended Complaint and dismissed the action, without leave to amend, for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

On April 23, 2009, Plaintiff filed a "Motion for Appointment of Counsel" nearly three weeks after the Court dismissed this action [Doc. No. 19]. The Court must deny Plaintiff's Motion as moot in light of the fact that his Second Amended Complaint has been dismissed without leave to amend and the Clerk of Court was directed to close this action on April 9, 2009.

## II. CONCLUSION AND ORDER

Plaintiff's Motion for Appointment of Counsel [Doc. No. 19] is **DENIED** as moot. This action shall remain closed.

DATED: May 5, 2009

_____
**HON. MARILYN L. HUFF
United States District Judge**